OPINION of the Court, by
Judge Logan.
The appellees, who were complaipaats in Ae court below, exhibited their billon a claim to land founded on the following entry : “ May 10th 1780, Charlea Williams enters 1000 acres upon, &c. adjoining Thomas Hardin, on the side next to the Blue lick on the Buffalo road.”
Thomas Hardin had on the day preceding located 400 acres to lie “ at a burnt cabin made by Joseph Bra-shear, on the Buffalo road that' leads from the Blue licks to Floyd’s fork, four or five miles from said lick, running so as to include aspring.”
The court would have had no difficulty in sustaining this entry, but for the last call, running so as to include a spring.” The Blue lick, the road, and the place where the cabin was burnt are all well established, and correspond with the description in the entry.
But the locator, after having thus described the land he intended to appropriate, as if fearful that he had confined himself to a precise spot, and in order to assume a more extended latitude, has added the words, 41 running so as ts include a spring,” thereby inducing the expectation that he meant some other spring than the one near the cabin, and that he wished to rese«-e choice among them, and so to run his land as future events and fancy should dictate.
Now the fact is, there are several springs delineated on the connected plat, any of which might be included, together with the place where the cabin was burnt, ta reasonable figure by a survey of400 acres, and thereby materially vary the position of the land, and leave no certain and precise boundary.
The consequence therefore is, that the entry cannot be sustained.
The decree of the court below reversed with cost.